# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM, | Case No. 1:14-cv-01651-LJO-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DAVE DAVIES, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed October 7, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a state prisoner housed at California State Prison, Corcoran. Plaintiff brings this action against Warden Dave Davies, and Correctional Officers T. Cano, R. Rubio, and J. Vargas alleging denial of access to the court in violation of the First Amendment, denial of due process in violation of the Fourteenth Amendment and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, as well as state law claims.

Plaintiff alleges that on September 4, 2014, Defendant Cano was collecting mail and opened and began reading his legal mail. (Compl. ¶¶ 1, 2, ECF No. 1.) When Plaintiff informed Defendant Cano that it was unlawful for him to read Plaintiff's legal mail, Defendant Cano pushed the mail back into the cell stating it was not legal mail and he would not accept it. (Id. at ¶ 2.) Plaintiff told Defendant Cano that he was going to write a staff complaint regarding the

incident. (Id. at ¶ 3.) Defendant Cano told Plaintiff, "Wait'll we tear your house (i.e. cell) up. This is Corcoran." (Id. at ¶ 4.) Defendant Cano then "flashed the CDCR GreenWall Guard Gang" handsign. (Id.)

The following day, Plaintiff left his cell for his assignment and when he returned at 3:30 p.m. he found that his cell had been trashed; he and his cellmate's items were mixed-up and left in disarray. (Id. at ¶¶ 5, 7.) Another inmate told Plaintiff that Defendant Rubio and Vargas entered his cell with a plastic trash can immediately after he left and began searching and trashing his cell, took a lot of property and discarded it. (Id. at ¶ 6.) Defendants Rubio and Vargas made several trips by Plaintiff's cell and looked in at him while laughing, smiling, and " 'throwing' Greg Wall Gang" handsigns at Plaintiff. (Id.)

When Defendant Rubio brought search receipts to Plaintiff, he told Plaintiff that Defendant Cano is one of them, and this is Corcoran. (Id. at ¶ 9.) When Plaintiff reorganized his cell he noticed that his trial books for his "Borden § 1983 & other cases" were gone. (Id. at ¶ 10.) The trial books had been inside Plaintiff's locker when he left the cell that day for his assignment. (Id. at ¶ 11.) Plaintiff requested that Defendants Rubio and Vargas return his trial books, but they refused to do so. (Id. at ¶ 12.)

About September 7, 2014, Plaintiff notified the Central District court that he was unable to prosecute the Bordon § 1983 action due to the trial books that had been taken by Defendants Rubio and Vargas. (Id. at ¶ 17.) Plaintiff contends that, with the dismissal of the Bordon § 1983 action, he has sustained actual injury. (Id. at ¶ 18.)

**III.**

**DISCUSSION**

**A.  Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 678-79; Simmons v.

Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Defendant brings this action against Defendant Davies. It appears that Plaintiff is attempting to impose liability, not based on Defendant Davies personal involvement in any incident raised in the complaint, but because of his position as warden. Defendant Davies position does not provide a basis for liability under section 1983. Iqbal, 556 U.S. at 676 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Plaintiff's complaint is devoid of any factual allegations regarding Defendant Davies; and therefore, Plaintiff has failed to state a claim against Defendant Davies.

Plaintiff alleges that the actions of Defendants Cano, R. Rubio, and J. Vargas violated his right of access to court under the First and Fourteenth Amendments and constituted violations of RICO.

**B.     Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. Under the First and Fourteenth Amendments inmates have a right "to litigate claims challenging their sentences or

the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).

Plaintiff has merely alleged that his "Bordon" § 1983 and other actions were dismissed at his request and Bordon was a non-frivolous and arguable claim. (ECF No. 1 at ¶¶ 17, 18.) However, to state a claim for denial of access to court, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Harbury, 536 U.S. at 418. The complaint does not identify the actions that were dismissed nor does it contain any factual allegations for the dismissed actions. Plaintiff has failed to state a claim for denial of access to the Courts.[1]

**C. RICO**

Plaintiff also alleges a violation of RICO. RICO provides a civil remedy for persons injured in their business or property by a RICO violation. 18 U.S.C. § 1964(c). To state a civil claim under RICO, "a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

To have standing to bring a claim under section 1964(c), a plaintiff must show that the racketeering activity was both a but-for and proximate cause of his injury. Hemi Group, LLC v. City of New York, N.Y., 130 S. Ct. 983, 987 (2010). To meet the proximate cause requirement there must be "some direct relation between the injury asserted and the injurious conduct alleged." Rezner 630 F.3d at 873 (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992)). This requires the court to examine the alleged violation to determine if it led directly to plaintiff's injuries. Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 982 (9th

---

[1] Based on the allegations in the complaint, Plaintiff is advised that if it is his intent to bring a retaliation claim he must clearly state the cause of action in his amended complaint. **Error! Main Document Only.**A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Cir. 2008). Further, "RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in 'concrete financial loss.' " Diaz v. Gates, 420 F.3d 897, 898 (9th Cir. 2005) (quoting Oscar v. University Students Co-operative Ass'n, 965 F.2d 783 (9th Cir.1992)). This requires a plaintiff to demonstrate a concrete financial loss to his business or property. Guerrero v. Gates, 442 F.3d 697, 707 (9th Cir. 2003); Oscar, 965 F.2d at 786.

The focus of RICO is racketeering activity which is defined "as a number of specific criminal acts under federal and state laws[,]" such as "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . ." 18 U.S.C. § 1961(1); Canyon County, 519 F.3d at 972. Two predicate acts within a period of ten years are required to show a pattern of racketeering activity. 18 U.S.C. § 1961(5); Canyon County, 519 F.3d at 972.

Plaintiff's claims under RICO would arise under 18 U.S.C. §1962(c) which provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To be liable under the statute an individual must have participated in the operation or management of the enterprise. Reves v. Ernst & Young, 507 U.S. 170, 183 (1993). An individual with no managerial control over the enterprise is generally not liable under section 1962(c). Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996).

Defendant Davies in his official capacity is not a proper RICO defendant as a government entity cannot form the requisite criminal intent to be sued under RICO. Pedrina, 97 F.3d at 1300. Further, Plaintiff's allegations that Defendants Cano, Rubio, and Vargas conspired to searched his cell and disposed of his legal property are not acts that are "racketeering activity" as defined by section 1961(1). Civil rights violations do not fall within the statutory definition of "racketeering activity." Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). Plaintiff fails to show that he suffered any injury to his business or property due to actions that would be defined as racketeering activity under section 1961, and fails to state a cognizable RICO claim. Hemi Group, LLC, 130 S. Ct. at 987; Canyon County, 519 F.3d at 975.

**D.** **State Law Claims**

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). Plaintiff avers that he has submitted a claim form to the Claims Board. (ECF No. 1 at ¶ 16.)

1. Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009).

Plaintiff has not shown that Defendants had a duty of care that was breached by any of the acts alleged in the complaint. Plaintiff has failed to state a claim for negligence under state law.

Plaintiff also alleges that Defendants acts constituted negligence per se. Negligence per se exists under California law where: 1) a statute, ordinance, or regulation of a public entity is violated; 2) the violation proximately caused the death or injury to a person or property; 3) "[t]he death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent;" and 4) "[t]he person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Cal. Evid. Code § 669(a). Negligence per se is not a separate tort, but is a presumption that applies only after the plaintiff shows that there is an independent duty of care to support a negligence claim. California Serv. Station & Auto. Repair Ass'n v. Am. Home

Assur. Co., 62 Cal. App. 4th 1166, 1181 (1998); see Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1285-86 (2006) (section 669 "operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action"). Plaintiff has not stated a claim for negligence, nor has he identified any statute, ordinance, or regulation that was violated, or that he was in the class of individuals meant to be protected to support a negligence per se claim.

2. Infliction of Emotional Distress

a. **Intentional Infliction of Emotional Distress**

Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Id.

Plaintiff alleges that Defendant Cano threatened to have his cell searched and the following day, Defendants Rubio and Vargas searched his cell, disposing of his legal documents, mixing up his and his cellmate's belongings and leaving the cell a mess. Defendants Rubio and Vargas later went by his cell several times laughing and smiling at him and throwing "gang signs". These allegations do not rise to conduct found to be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Simo, 332 F.3d at 622. Additionally, Plaintiff has not included any factual allegations for the Court to find that any resulting emotional distress was so severe that no reasonable person in a civilized society would be expected to endure it.

///

1. **b.  Negligent Infliction of Emotional Distress**

"A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply." Wong, 189 Cal.App.4th at 1377. Further, to establish a claim for negligence due to the infliction of emotional distress, a plaintiff's allegations must show that he suffered serious emotional distress. Burgess v. Superior Court, 2 Cal.4th 1064, 1079 (1992). To the extent that Plaintiff is attempting to pursue a separate claim for relief for the negligent infliction of emotional distress, Plaintiff may not do so.

3.  Theft

Plaintiff alleges a cause of action for theft in violation of California Penal Code section 484. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975); see Sohal v. City of Merced Police Dep't, No. 1:09-cv-0160-AWI-DLB, 2009 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action").

California Penal Code section 484 does not contain any language suggesting that civil enforcement is available to Plaintiff. Nor does the Court finds any authority that a violation of Penal Code section 484 provides a private right of action. See Harvey v. City of South Lake Tahoe, No. CIV S–10–1653 KJM EFB PS, 2011 WL 3501687 at *8 (E.D. Cal. Aug.9, 2011) (finding plaintiff's claim under Section 484 of the California Penal Code failed because plaintiff did not argue that private causes of action were implied, and because there was no indication in the statute that civil enforcement was available to plaintiff); Durand v. U.S. Customs, 163 Fed.Appx. 542, 2006 WL 92795, at 544-45 (9th Cir. 2006) (unreported) (no private cause of action for fencing stolen property under Penal Code § 484(a)).

///

## IV.

## REQUEST FOR APPOINTMENT OF COUNSEL

In his request for relief, Plaintiff seeks appointment of counsel. (ECF No. 1 at p. 3.) Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Rand</u>, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff alleges in this complaint that he is a jailhouse litigator (ECF No. 1 at p. 9), and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Further, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Finally, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Accordingly, Plaintiff's request for appointment of counsel is denied, without prejudice.

///
///
///
///

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed October 7, 2014, is dismissed for failure to state a claim;
3. Plaintiff's request for appointment of counsel is denied;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 3, 2015**

_____
UNITED STATES MAGISTRATE JUDGE