# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE DAVIES, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01651-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MARCH 30, 2015, ORDER DENYING APPOINTMENT OF COUNSEL<br><br>[ECF No. 20] |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 21, 2015, Plaintiff filed objections to the March 30, 2015, order denying Plaintiff's request for appointment of counsel. The Court construes Plaintiff's "objections" as a motion for reconsideration. A response to this motion is unnecessary and matter is deemed submitted. Local Rule 230(l).

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Plaintiff objects to the Court's March 23, 2015, order denying him appointment of counsel. Plaintiff contends that he is the subject of continual unconstitutional and malicious guard gang activities designed to prevent Plaintiff from litigating this action. The Magistrate Judge's order denying Plaintiff's motion for the appointment of counsel, without prejudice, was neither clearly erroneous nor contrary to law. As stated in the Magistrate Judge's March 30, 2015, order, a finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). There is no basis for the Court to

conclude that Plaintiff is likely to succeed on the merits of his claim, as Plaintiff has not presented cognizable claims for relief in this action. In addition, Plaintiff's conclusory arguments, without supporting documentation, regarding his inability to prosecute this action are not exceptional circumstances warranting the appointment of counsel at this time. Indeed. Plaintiff has successful prosecuted this action, and Plaintiff's present filing of objections to the Court's March 23, 2015, order negates his claim that he is prevented from litigating this action. Based on the foregoing, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **April 22, 2015**        **/s/ Lawrence J. O'Neill**
        UNITED STATES DISTRICT JUDGE